**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Melvin HODGES, Defendant–Appellant.**

No. 99–30376.
D.C. No. CR–98–0091–JET.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 5, 2001 Seattle,
Washington **.

Decided Feb. 7, 2001.

** The panel unanimously finds this case suitable for decision without oral argument.

Fed. R.App. P. 34(a)(2)

Before RYMER, THOMAS, and McKEOWN, Circuit Judges.

## MEMORANDUM *

Petitioner Melvin Hodges, Jr. appeals his conviction for possession with intent to distribute 10 kilograms of cocaine and 249 grams of heroin in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B). Hodges maintains he was entitled to a *Franks* evidentiary hearing. He also challenges the exclusion of testimony concerning third-party instructions in connection with his presence at the storage locker. We do not recite the facts as the parties are familiar with the background. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review de novo the district court's denial of a *Franks* evidentiary hearing. *United States v. Reeves*, 210 F.3d 1041, 1044 (9th Cir.2000). Whether probable cause is lacking because of alleged misstatements or omissions in the supporting affidavit is reviewed de novo. *Id.* We also review de novo the district court's construction of a hearsay rule, *United States v. Oretga*, 203 F.3d 675, 682 (9th Cir.2000), but review the district court's exclusion of evidence under the hearsay rule for an abuse of discretion. *Id; see also United States v. Fowlie*, 24 F.3d 1059, 1068 (9th Cir.1994)(addressing Fed.R.Evid. 804(b)(3), statement against penal interest exception).

A defendant is entitled to an evidentiary hearing on the validity of an un-

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

derlying probable cause affidavit in limited circumstances. "Where the defendant makes a substantial preliminary showing that a false statement knowing and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the alleged false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request." *Franks v. Delaware*, 438 U.S. 154, 155–56, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978).

■ Hodges has not satisfied either prong of *Franks*. Officer Schmidt's admission that his affidavit contained an incorrect statement regarding Randy's (the narcotic detector dog) prior seizures does not meet the substantial threshold showing of an intentional false or reckless statement. Inclusion of the statement was an innocent mistake, or at most negligent, both of which are insufficient under *Franks.*[1] *Franks,* 438 U.S. at 171.

■ Nor can Hodges meet the second prong of *Franks* as the statement about Randy was not material to the probable cause finding. Under the totality of the circumstances test developed in *Illinois v. Gates,* 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), the evidence presented to the magistrate judge supports probable cause without consideration of Randy's record of prior seizures. Those circumstances include Hodges' suspicious activity throughout the day, and his presence at the storage facility within two minutes af-

ter the code associated with locker 48 was used.[2]

Hodges' effort to introduce statements made by an unidentified "Lady" are hearsay under Federal Rule of Evidence 801(c), and he failed to establish the required elements for the statement against penal interest exception to hearsay, notably the showing of unavailability and corroborating circumstances to indicate the trustworthiness of the statement. *See United States v. Layton,* 720 F.2d 548, 559 (9th Cir.1983)(noting the requirements for statement against penal interest exception).

AFFIRMED.

---

1. Hodges also presented evidence that Randy failed to alert on locker 48 whereas the government submitted an affidavit to the contrary. The district court's observation that the government's sufficiently specific and credible evidence "call[s] Hodges' vague and anonymous allegations into serious doubt" is well taken. A vague, anonymous statement is

not a substantial showing of a false statement that is material to finding probable cause.

2. Even though Officer's Schmidt's affidavit misstates Randy's prior experience, Randy's certification, weekly training and daily exercises—all reported to the magistrate judge—

are suggestive of his reliability and were properly part of the probable cause materials.

